# UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF CALIFORNIA

RICHARD HART,

    Plaintiff,

v.

KIMBERLYN YOUNG, et al.,

    Defendants.

No. 2:14-cv-2732 JAM DB P

FINDINGS AND RECOMMENDATIONS

Plaintiff, a state prisoner proceeding pro se and in forma pauperis, has filed this civil rights action seeking relief under, seeks relief under 42 U.S.C. § 1983. This proceeding was referred to this court by Local Rule 302 pursuant to 28 U.S.C. § 636(b)(1).

I.     PROCEDURAL HISTORY

    A.  Plaintiff's Complaint

On November 11, 2014, plaintiff filed a complaint alleging that he had a liberty interest in the handicraft leather program at California State Prison – Solano ("CSP-Solano") and that defendant Young had deprived him of that liberty interest when she persuaded prison administration officials to no longer permit leather tools in the buildings and she arbitrarily discontinued the program. Plaintiff further contended that thereafter, Associate Warden T.

Wamble[1] who was selected to review appeals of the decision, Associate Warden H. Shirley, and an appeals coordinator effectively denied him "access to the courts" when they failed to timely review and ultimately denied and/or cancelled plaintiff's administrative appeals[2] on timeliness grounds. (See generally ECF No. 1 at 2-6). Plaintiff also alleged that he had "been injured financially and constitutionally through the arbitrary, irrational, and unlawful conduct of the defendants." (ECF No. 1 at 6).

On December 18, 2015, the magistrate judge then assigned to the case determined that the complaint stated potentially cognizable claims for relief under Section 1983 against defendants Young and Cervantes but not against defendant Swarthout.[3] (See ECF No 8 at 2). The court recommended that defendant Swarthout be dismissed. (See id. at 3). On March 25, 2016, the findings and recommendations were adopted by the District Court judge assigned to the matter. (See ECF No. 15). The court ordered the remaining defendants served on September 12, 2016. (ECF No. 21).

B. Defendants' Motion to Dismiss

On December 9, 2016, defendants filed a motion to dismiss for failure to state a claim pursuant to Federal Rule of Civil Procedure 12(b)(6). (See ECF No. 26, et seq.). The motion contended that: (1) plaintiff did not have a protected liberty interest in the continuation of the leathercraft program at CSP-Solano because the program was a privilege, not a right, and (2) plaintiff's first nd fourteenth amendment claims failed because plaintiff failed to explain how the

////

---

[1] In the initial complaint, plaintiff neither formally named Wamble as a defendant, nor did he directly ascribe specific actions to defendant Cervantes, an appeals coordinator or Warden G. Swarthout, another named defendant. (See generally ECF No. 1). He simply listed Cervantes as a defendant and then went on to allege that the appeals coordinator had deprived him of access to the courts. (See generally id. at 2-6).

[2] Plaintiff's administrative appeals contested the prison's decision to discontinue the program. (See generally ECF No. 1 at 2-6).

[3] No analysis regarding how this determination was reached was provided by the court. General allegations against other individuals mentioned in the complaint were not addressed in the decision, either.

2

delay in processing appeals interfered with his ability to comply with the time requirements for filing an appeal to the appropriate level of review. (See ECF No. 26-1 at 4-7).

On April 4, 2017, the undersigned recommended that the motion to dismiss be granted. (ECF No. 30). These findings and recommendations were adopted in full on September 28, 2017, and plaintiff's claims were dismissed. (ECF No. 31). At that time, however, the District Court judge also granted plaintiff thirty days within which to file an amended complaint. (See id. at 2).

### C. Plaintiff's First Amended Complaint

Plaintiff filed the instant first amended complaint on December 14, 2017. (ECF No. 34). In it plaintiff argues that: (1) defendant Young violated his due process rights under the Fourteenth Amendment when she discontinued the prison's leathercraft program and provided him with no pre-deprivation remedy, and (2) defendant Cervantes' acts and omissions resulted in plaintiff's appeal being cancelled, which created an exhaustion problem that could have led to a dismissal of this action, effectively denying him access to the courts. (See id. at 10-12).

## II. DISCUSSION

A comparison of plaintiff's initial complaint and his first amended complaint indicate that the arguments are virtually the same. (Compare ECF No. 1 at 3-5, with ECF No. 34 at 7-12). In fact, the first amended complaint more clearly states a claim against defendant Cervantes and against newly added defendant John Doe. (see ECF No. 34 at 12). However, the court still finds that this particular argument is effectively the same one plaintiff made in the initial complaint. Plaintiff continues to allege, that defendant Cervantes, and now, John Doe, effectively denied plaintiff his due process right to access to the courts when they delayed the processing of plaintiff's appeals which protested the discontinuation of the leathercraft program. (Compare ECF No. 1 at 2, 4-5, with ECF No. 34 at 12).

The fact that plaintiff has added John Does 1-10 to the first amended complaint is irrelevant. Instead, as the court found with plaintiff's initial complaint (see ECF Nos. 30, 31), that plaintiff does not have a liberty interest in a vocational assignment. See Rizzo v. Dawson, 778 F.2d 527, 531 (9th Cir. 1985) (stating prisoner has no constitutional right to rehabilitation).

////

1 | Consequently, plaintiff does not have a liberty interest in CSP-Solano's retention or reinstatement of the leathercraft program.

This finding precludes the court from reaching the question of whether defendants Cervantes and John Doe wrongfully thwarted plaintiff's administrative appeals related to the program's discontinuation. In any event, even if the law warranted that the court address this claim, it is well-settled that prisoners have no separate constitutional entitlement to a specific grievance procedure. See Mann v. Adams, 855 F.2d 639, 640 (9th Cir. 1988); see also Ramirez v. Galaza, 334 F.3d 850, 860 (9th Cir. 2003) (citing Mann).

In sum, plaintiff's first amended complaint makes no new cognizable arguments. Plaintiff's current claims substantively mirror those made in plaintiff's initial complaint, that this court determined were without merit. (see ECF Nos. 30, 31). Therefore, the court finds that plaintiff's first amended complaint fails to state claims upon which relief may be granted. Consequently, it will recommend that this action be dismissed. See 28 U.S.C. § 1915(e)(2)(B)(ii).

Accordingly, IT IS HEREBY RECOMMENDED that plaintiff's first amended complaint (ECF No. 34) be DISMISSED for failure to state a claim upon which relief may be granted. See 28 U.S.C. § 1915(e)(2)(B)(ii).

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Any response to the objections shall be served and filed within fourteen days after service of the objections.

////
////
////
////
////

The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

Dated: December 4, 2018

/s/ Deborah Barnes
DEBORAH BARNES
UNITED STATES MAGISTRATE JUDGE

DLB:13
DB/ORDERS/ORDERS.PRISONER.CIVIL RIGHTS/hart2732.ftsac.f&r